IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAENEA STANFORD o/b/o D.J.F, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv750-MEF |
| | ) | (WO) |
| MARK BRANTLEY and HENRY | ) | |
| COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Shaenea Stanford, proceeding *pro se*, brings this action alleging that defendants violated the civil rights of her minor daughter (D.J.F.) in an unspecified manner. The statute permitting *pro se* appearances in federal court applies only to those parties conducting their own cases and not to those parties who seek to represent the interests of others. 28 U.S.C. § 1654. See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)(declining to allow a relator in a *qui tam* action to proceed *pro se*); Devine v. Indian River County School Board, 121 F.3d 576 (11th Cir. 1997)(holding, in an IDEA case, that a parent may not proceed *pro se* on claims brought on behalf of minor child; rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents")[1]; Peake o.b.o K.R.D. v. Commissioner of Social Security, 2008

---

[1] In Winkelman v. Parma City School District, ___ U.S. ___, 127 S.Ct. 1994, 2006-07 (2007), the Supreme Court held that the IDEA grants parents independent rights – including a right to a free appropriate public education for their child – which they may enforce by proceeding *pro se* in court. The Court declined to address the issue of "whether IDEA entitles parents to litigate their child's claims *pro se.*"

WL 495377 (M.D. Fla. Feb. 20, 2008)("Under the law of this circuit, parents do not have the right to represent their children in federal court.")(citing Devine, *supra*). Plaintiff's complaint does not indicate that she is a licensed attorney qualified to represent others before this court. Additionally, the present complaint fails to set forth any facts in support of the claims of plaintiff's minor child.

Accordingly, it is

ORDERED that plaintiff is DIRECTED to show cause in writing on or before **September 26, 2008**, why this action should not be dismissed due to plaintiff's failure to appear through counsel. Plaintiff may, in the alternative, choose to retain counsel. If plaintiff chooses to retain counsel, she must notify the court in writing of her decision to do so on or before **September 26, 2008**. Any attorney retained by the plaintiff must enter an appearance in this action on or before **October 6, 2008.** Plaintiff is advised that if she fails to comply with the terms of this order or any other order of the court this action may be dismissed.

The Clerk is DIRECTED to serve a copy of this order on the defendants at the addresses provided by plaintiff for service of process. Defendants need not answer the complaint until further order of the court.

DONE, this 15th day of September, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE